

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~CENTRALIGENSTINGER~~
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. 0-5650
Re: Appointment of a guardian to receive Old Age Assistance warrants where there is already a qualified community survivor.

Your letter requesting an opinion of this department on the above subject reads as follows:

"We shall appreciate your opinion on the following question. Title I, Sec. (6) of the Social Security Act provides:

"'When used in this title the term "old age assistance" means money payments to needy aged individuals.'

"The Social Security Board has interpreted this to mean that assistance payments may be made to the individual or to his legally appointed guardian. In a few instances in the State it has been found that the applicants for assistance have been adjudged insane and that the Court appointed the sane spouse Community Survivor of the estate of the insane spouse, as provided in Articles 3661 through 3683, of the Revised Civil Statutes.

"Although it is recognized by the Department that Old Age Assistance is not a part of the community estate, the Department has made assistance warrants payable to the Community Survivor rather than to require the appointment of

a guardian to handle the Old Age Assistance war-
rant when there was already a Community Surviv-
or qualified to handle the estate. This action
was based on Article 3663 of the Revised Civil
Statutes.

"Please advise us whether or not the Stat-
utes contemplate the appointment of a guardian
to handle the separate estate of the incompetent
when there is a qualified Community Survivor. If
your answer to the first question is in the nega-
tive, is the Community Survivor qualified under
Texas Statutes to act on behalf of the incompet-
ent spouse in matters pertaining to Old Age As-
sistance. . . ."

In our opinion it will be necessary to appoint a
guardian to receive the Old Age Assistance warrants. While
Chapter 27, Title 54, of the Revised Civil Statutes, styled,
Administration of Community Property, provides for the ap-
pointment of the surviving spouse to administer the com-
munity estate on the death or insanity of the husband or
wife, it does not give the survivor the control of the sep-
arate estate.

It is well settled that the rights, powers, and
liabilities of the qualified community survivor are fixed
and determined by pertinent statutes. Fidelity Union Ins.
Co. v. Hutchins, 133 S. W. (2d) 105.

A cursory examination of the many cases wherein
these statutes have been construed lends ample support to
this contention. In the case of First National Bank of New
Boston v. Daniel, et al., 172 S. W. 747, the court of Civil
Appeals held:

"The survivor of a marriage who qualifies
as such is not the representative of the deceas-
ed spouse's estate, but is the representative
of only that part thereof held by such deceased
spouse in common with the survivor."

Later, the Commission of Appeals, in an opinion
adopted by our Supreme Court, Clark v. First National Bank
of New Boston, 210 S. W. 677, held:

"Under an administration by virtue of this chapter (Chapter 27) the survivor has no control or power to dispose of the separate property of the deceased spouse."

In the facts presented by you, it appears that a qualified survivor in community is receiving Old Age Assistance warrants which you recognize to be the separate property of the recipient. Since, as pointed out above, the survivor is not qualified to receive these warrants, a guardian should be appointed in accordance with the provisions of Article 4102, et seq., of our Statutes. The guardian, duly appointed, would then be competent to receive the Old Age Assistance warrants as well as manage and control the community property. Dickerson v. Dickerson, 167 S. W. (2d) 218.

Your letter states that your department has made Old Age Assistance warrants payable to the community survivor and that this action was based on Article 3683 of the Revised Civil Statutes. This article reads as follows:

"Persons now acting as guardians of the estate of persons of unsound mind shall turn over the estates of their wards, where the wards shall be married persons, upon the qualification of the sane spouse, as provided in this Chapter."

This article is found in Chapter 27 of the Revised Civil Statutes, styled, Administration of Community Property, and must be construed to mean that the guardian must turn over only the community estate upon the qualification of the sane spouse. It has been accordingly held by the Court of Civil Appeals in Read v. Read, 122 S. W. (2d) 1110.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAY 8 1944

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY CHAIRMAN

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Fred C. Chandler
Fred C. Chandler
Assistant

By H. T. Bob Donahue
H. T. Bob Donahue

HTBD:db